UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:

NYMD GREEN LAKE, LLC,

                              Debtor.

-----------------------------------------------------------x

HEARING DATE:  **May 19, 2023**
HEARING TIME:   **10:30 a.m.**

Chapter 11

Case No. 22-42032 (ESS)

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that upon the annexed motion, William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, in the United States Bankruptcy Court, 271-C Cadman Plaza East, Brooklyn, New York, **on May 19, 2023 at 10:30 a.m.** (the "Hearing"), or as soon thereafter as counsel can be heard, for entry of an order pursuant to §1112(b) of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") to: convert the chapter 11 case of NYMD Green Lake, LLC to chapter 7, or, in the alternative, dismiss this case, and to grant such other relief as the court may deem just and proper (the "Motion").

**PLEASE TAKE FURTHER NOTICE**, that as set forth on the Court's official website (www.nyeb.uscourts.gov) (the "Website"), the Hearing will be conducted by ZOOM or telephonically pending further instruction of the Court.  Parties wishing to appear must register for eCourt Appearances prior to the hearing in order to receive additional instructions to attend the hearing.  For more information, please visit:

**https://www.nyeb.uscourts.gov/content/judge-elizabeth-s-stong.**

 **PLEASE TAKE FURTHER NOTICE**, those unable to access eCourt Appearances must email Judge Elizabeth S. Stong's Courtroom Deputy at: ess_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing.  Your email must include your name, the case number(s), who you represent (if you are an

attorney), hearing date, and phone number. Parties have the option to either dial in as an audio only participant using the provided Zoom dial-in number or connect by video using the provided video link.

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Motion shall be filed with the Court and served on the United States Trustee, Alexander Hamilton Customs House, One Bowling Green, New York, New York, 10004, Attention: Rachel Wolf, Trial Attorney, no later than seven days prior to the hearing date.  Responsive papers shall state the factual grounds and legal authorities that support the respondent's position, either in the response or in a memorandum of law.  Failure to provide this information may be grounds to strike the response or to grant the Motion by default.

Dated: New York, New York
      April 12, 2023

                        WILLIAM K. HARRINGTON
                        UNITED STATES TRUSTEE, REGION 2

                  By: */s/Rachel Wolf*
                      Rachel Wolf
                      Trial Attorney
                      Alexander Hamilton Customs House
                      One Bowling Green, Suite 510
                      New York, New York 10004
                      Tel. No. (212) 206-2580
                      Rachel.Wolf@usdoj.gov

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

NYMD GREEN LAKE, LLC,


                                        Debtor.
------------------------------------------------------------x

**Hearing Date: May 19, 2023,**
**Hearing Time: 10:30 a.m.**

Chapter 11

Case No. 22-42032 (ESS)


## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE UNITED STATES TRUSTEE TO CONVERT THE CHAPTER 11 CASE TO CHAPTER 7 OR, IN THE ALTERNATIVE, DISMISS THE CHAPTER 11 CASE


**WILLIAM K. HARRINGTON**
**UNITED STATES TRUSTEE**
**FOR REGION 2**
Alexander Hamilton Customs House
One Bowling Green, Suite 510
New York, New York 10004
Tel. No. (212) 206-2580

Rachel Wolf, Esq.
Of Counsel

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"), respectfully submits this memorandum in support of his motion (the "Motion") for an order, pursuant to 11 U.S.C. § 1112(b), converting the chapter 11 case of NYMD Green Lake, LLC (the "Debtor") to chapter 7 or, in the alternative, dismissing the Debtor's chapter 11 case.

## I.  INTRODUCTION

The Debtor's case should be dismissed because the Debtor has failed to meet its basic obligations as a debtor-in-possession.  The Debtor has failed to maintain appropriate insurance, pay post-petition taxes and owes past-due United States Trustee quarterly fees, all of which constitute cause for conversion or dismissal under sections 1112(b)(4)(C), (I) and (K) respectively.  In addition, the October 2022 operating report shows that the Debtor has insufficient income to pay current expenses and fund a plan, constituting cause to convert or dismiss under section 1112(b)(4)(A).  It appears that the Debtor's real property has substantial equity and may be liquidated for the benefit of unsecured creditors.  Therefore, the Court should convert this case.

## II.  STATEMENT OF FACTS

**Procedural History of the Current Case**

1.     On August 26, 2022 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  ECF Doc. No. 1.

2.     The United States Trustee was unable to form an unsecured creditors' committee in the Debtor's case.  See Declaration of Lynda Rettagliata in Support of the Motion (the "Rettagliata Decl."), dated April 12, 2023, ¶ 2.

3.     The United States Trustee has not appointed a trustee, and the Debtor remains in control and possession of its assets as a debtor-in-possession.  See Rettagliata Decl., ¶ 3.

4.      On June 5, 2019, the Debtor commenced a previous case under chapter 11 of the Bankruptcy Code captioned <u>In re NYMD Green Lake,</u> Case No. 19-43460-ess (the "Previous Case").

5.      The Previous Case was dismissed for the Debtor's failure to, among other things, maintain insurance, timely file operating reports and pay United States Trustee Quarterly fees. <u>See</u> Previous Case, ECF Nos. 49, 66.

**Assets and Liabilities in the Current Case**

6.      The Debtor purports to own real property consisting of 146 acres improved by a 52-room resort located at 605 Green Lake Road Catskill, New York 12414 and 609 Green Lake Road, Catskill, New York 12414 (the "Property") with a value of $4 million.  ECF Doc. No. 1, Schedule A/B.  The Debtor scheduled personal property with an aggregate value of $72,402.26. <u>Id.</u>

7.      The Debtor scheduled two secured claims encumbering the Property in the aggregate amount of $1,900,00, scheduled one priority tax claim of the New York State Department of Finance and Taxation in the amount of $2,423.58, and eleven unsecured claims in the aggregate amount of 182,604.75.  <u>Id.</u>, Schedules D, E/F.

8.      By Order dated October `4, 2022, the Court established November 18, 2022 as the last day for creditors to file claims.  ECF Doc. No. 18.

9.      To date, the Claims Register contains four claims filed against the Debtor in the aggregate amount of $2,197,985.17.  <u>See</u> Claims Register, Claim Nos. 1-4.

**Deficiencies in Debtor's Current Case**

10.     On August 29, 2022, the United States Trustee sent a letter (the "August 29th Letter") through email to counsel of record, Gary Fischoff, Esq. ("Fischoff" OR "Counsel"),

enclosing a copy of the United States Trustee Operating Guidelines (the "Guidelines").  See Rettagliata Decl., ¶ 4.  The Guidelines outline the requirements for debtors-in-possession, including the obligation to provide proof of insurance and filed monthly operating reports.  Id.

11.     The records of the United States Trustee reflect that the Debtor's insurance policy for the Property expired on April 1, 2023.  See Rettagliata Decl., ¶ 5.

12.     The Debtor has failed to provide renewal insurance for the Property.  The United States Trustee has no evidence that the Property is insured.  See Rettagliata Decl., ¶ 6.

13.     To date, the Debtor owes outstanding United States Trustee Quarterly Fees in the estimated amount of $750.00.  Rettagliata Decl., ¶ 7.

14.     To date, the Debtor has not filed operating reports for the stub period of August 2022, and operating reports for November 2022, December 2022, January 2023, and February 2023.  The operating report for March 2023 will become due prior to the return date of this Motion.  See Docket.

**Operations and Chapter 11 Plan**

15.     According to the October 2022 operating report, the Debtor has post-petition payables of $183,405.00, did not pay all its bills on time, and had post-due tax obligations.  ECF No. 21.

16.     To date, the Debtor has not filed a plan of reorganization nor sought court approval to obtain post-petition financing.  See Docket.

### III. <u>ARGUMENT</u>

**A.     There is Cause to Convert or Dismiss this Case under 11 U.S.C. § 1112(b).**

Section 1112(b) provides, in part, that:

(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this

chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1) (2010).

Section 1112(b)(4) lists provides fifteen examples of cause, including:

(A)    substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood or rehabilitation; [and]

***

(C)    failure to maintain appropriate insurance that poses a risk to the estate or to the public; [and]

***

(H)    failure timely to provide information or attend meetings reasonably requested by the United States trustee[and]

***

(I)    failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief; [and]

***

(K)    failure to pay any fees or charges required under chapter 123 of title 28.

11 U.S.C. § 1112(b)(4).

The list of factors is nonexclusive. In re The 1031 Tax Group, LLC, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007). See also In re State Street Assoc., L.P., 348 B.R. 627, 639 (Bankr. N.D.N.Y. 2006) (noting in pre-BAPCPA case that amended section 1112(b) contains non-exclusive factors to be considered in determining whether cause exists to convert or dismiss a case). A party need not demonstrate that all the elements of "cause" can be met. See In re TCR of Denver, LLC, 338 B.R. 494, 500 (Bankr. D. Colo. 2006). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. 1031 Tax Group, 374 B.R. at 93; cf. In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997) (bankruptcy court may dismiss a chapter 11 case based upon a finding that the petition was filed in "bad faith" even without considering factors under section 1112(b)).

1.      **The Debtor Failed to Provide Proof of Insurance Renewals.**

The failure to maintain appropriate insurance constitutes cause for the dismissal or conversion of the Debtor's case.  11 U.S.C. § 1112(b)(4)(C); <u>Derivium Capital LLC v. U.S. Trustee (In re Derivium Capital LLC)</u>, 2006 WL 1317021 (S.D.N.Y. May 12, 2006) (lack of insurance was one factor supporting court's decision to convert case to chapter 7); <u>In re Daniels</u>, 362 B.R. 428 (Bankr. S.D. Iowa 2007) (attorney's failure to maintain malpractice insurance was cause to convert case to one under chapter 7).  According to the United States Trustee's records, the Debtor's insurance policy expired on April 1, 2023 and to date, the Debtor has not provided proof of renewal.  Rettagliata Decl., ¶¶ 5, 6. Therefore, cause exists to dismiss or convert the Debtor's case under 11 U.S.C. § 1112(b)(4)(C).

2.      **The Debtor Has Failed to Pay Quarterly Fees to the United States Trustee.**

By statute, the Debtor is required to pay a quarterly fee to the United States Trustee for each quarter until entry of a final decree, conversion or dismissal.  28 U.S.C. § 1930(a)(6). United States Trustee quarterly fees must be paid when due.  <u>Id</u>.  Section 1112(b)(4)(K) provides that nonpayment of any fees charged under chapter 123 of title 28 is cause to convert or dismiss a chapter 11 case.  The fees assessed pursuant to 28 U.S.C. § 1930(a)(6) fall within the category of fees levied under chapter 123 of title 28.  <u>In re Tornheim</u>, 181 B.R. 161 (Bankr. S.D.N.Y. 1995).  The Debtor's failure to meet its financial obligations by the payment of quarterly fees is a basis for the dismissal of this case, pursuant to 11 U.S.C. § 1112(b).  <u>Id</u>., 181 B.R. at 161 (failure to pay quarterly fees, without more, provides cause to dismiss or convert case); <u>see also</u> <u>In re Hi-Toc Development Corp</u>., 159 B.R. 691 (S.D.N.Y. 1993).  The Debtor is currently delinquent on the payment of quarterly fees to the Office of the United States Trustee in the estimated amount

of $750.00.  <u>See</u> 11 U.S.C. § 1930; Rettagliata Decl., ¶ 7.  Cause, therefore, exists to dismiss or

convert this case under section 1112(b)(4)(K).

> ### 3.     The Debtor Has Failed to Remain Current on its Post-Petition Tax Obligations.

The Debtor's failure to remain current on its post-petition tax obligations constitutes

cause to dismiss or convert this case.  11 U.S.C. § 1112(b)(4)(I); <u>see also</u> <u>In re Pittsfield</u>

<u>Weaving Co.</u>, 393 B.R. 271, 273 (Bankr.D. N.H. 2008) (finding cause to convert or dismiss case

based upon, <u>inter</u> <u>alia</u>, the debtor's failure to remain current on post-petition tax obligations);

<u>Emergystat of Sulligent</u>, 2008 WL 597613, at *9  (finding cause to convert or dismiss case on

numerous grounds including, <u>inter</u> <u>alia</u>, the debtor's failure to remain current on post-petition tax

obligations and debtor's failure to timely file tax returns); <u>In re Berryhill</u>, 189 B.R. 463, 466-467

(N.D.Ind. 1995) (failure to pay post-petition taxes constitutes cause for conversion or dismissal

of case).

It appears that the Debtor is not current on its post-petition tax obligations.  According to

the October 2022 operating report, the Debtor indicated that it is not current on its tax

obligations.  ECF Doc. No. 21. Cause, therefore, exists to dismiss or convert this case under

section 1112(b)(4)(I).

> ### 4.     The Debtor Has Failed to File Monthly Operating Reports.

Pursuant to E.D.N.Y. LBR 2015-1, the Debtor is required to file monthly operating

reports for each and every month that the Debtor is in chapter 11.  <u>See</u> E.D.N.Y. LBR 2015-1.

The reports must be filed no later than the twentieth day of the following month.  <u>Id.</u>  The

Debtor's failure to timely file monthly operating reports demonstrates a disregard for its

responsibilities as a debtor-in-possession.  <u>See</u> <u>In re Marvel Entertainment, Inc.</u>, 140 F.3d 463,

474 (3d Cir. 1998) (debtors have a fiduciary duty of open, honest and straightforward disclosure

to the Court and creditors).  The Debtor's failure to fulfill its fiduciary obligations denies creditors access to important financial information regarding the Debtor's financial affairs. "Timely and accurate financial disclosure is the lifeblood of the Chapter 11 process." In re Berryhill, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (failure to file operating reports constitutes cause for dismissal or conversion of chapter 11 proceeding); see also In re Roma Group, Inc., 165 B.R. 779, 780 (S.D.N.Y. 1994) (citing In re Berryhill); In re Tornheim, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (debtors' failure to file reports for ten months warranted conversion or dismissal).

To date, the Debtor has failed to file monthly operating reports for the stub period of August 2022 and operating reports for November 2022, December 2022, January 2023 and February 2023, which are currently past due. See Docket.  The March 2023 monthly operating report is due on the return date of this Motion.  Id.  The Debtor's failure to timely file monthly operating reports has deprived the Court, the United States Trustee and creditors of the ability to adequately monitor this case.  The Debtor's unexcused failure to timely file these operating reports constitutes cause for the dismissal or conversion of the Debtor's case.  11 U.S.C. § 1112(b)(4)(F).

     **5.**     **Cause Exists Because There are Continuing Losses to the Estate and No Likelihood of Rehabilitation.**

     **a)**     **Continuing Losses to the Estate.**

"To determine whether there is a continuing loss or a diminution of the estate, a court must make a full evaluation of the present condition of the estate, not merely look at a debtor's financial statements." In re AdBrite Corp., 290 B.R. 209, 215 (Bankr.S.D.N.Y. 2003).  There need not be significant diminution to satisfy the first prong of section 1112(b)(4)(A).  See In re East Coast Airways, Ltd., 146 B.R. 325, 336 (Bankr.E.D.N.Y. 1992); In re Kanterman, 88 B.R.

26, 29 (S.D.N.Y. 1988). An estate's liability for administrative expenses constitutes a diminution in assets. In re Lyons Transportation Lines, Inc., 123 B.R. 526, 531 (Bankr.W.D.Pa. 1991). Further, a debtor's negative post-petition cash flow and inability to pay current expenses establishes that a debtor has continuing losses. AdBrite, 290 B.R. at 215. [R]ehabilitation means to put back in good condition and reestablish on a sound basis. AdBrite, 290 B.R. at 216, see also In re Rundlett, 136 B.R. 376, 380 (Bankr.S.D.N.Y. 1992) ("[r]ehabilitation signifies that the debtor will be reestablished on a sound financial basis, which implies establishing a cash flow from which current obligations can be met").

Here, the Debtor has failed to pay post-petition United States Trustee quarterly fees in the amount of $750.00, and, according to the October 2022 operating report, and has post-petition payables of $183,405.00, did not pay all its bills on time, and had post-due tax obligations. ECF No. 21. The Debtor, therefore, has demonstrated an inability to meet current expenses and provide proof of insurance renewal, which results in continuing losses to the estate. In addition, as this case remains in Chapter 11, administrative costs continue to accrue, with little or no potential benefit to creditors, which contributes to the continuing losses to the estate to the detriment of creditors. See In re Lyons Transportation Lines, Inc., 123 B.R. 526, 531 (Bankr.W.D.Pa. 1991) (an estate's liability for administrative expenses constitutes a diminution in assets).

### b) No Likelihood of Rehabilitation.

As a threshold matter, any plan of reorganization must be feasible. 11 U.S.C. § 1129(a)(11). The feasibility requirements of Section 1129(a)(11) ensure that confirmation proceeds only if "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor . . . unless such liquidation or

reorganization is proposed in the plan." <u>Id.</u> In the Second Circuit, the standard for feasibility is "whether the plan offers a reasonable assurance of success. Success need not be guaranteed." <u>Kane v. Johns-Manville (In re Johns-Manville Corporation)</u>, 843 F.2d 636, 649 (2d Cir. 1988). Bankruptcy courts consider factors including "the earning power of the business, its capital structure, the economic conditions of the business, the continuation of present management, and the efficiency of management in control of the business after confirmation" when assessing whether a plan is feasible.  <u>In re D&G Invs. of West Fla., Inc.</u>, 342 B.R. 882, 886 (Bankr. M.D. Fla. 2006).  In determining if a plan is feasible, the "inquiry is peculiarly fact intensive and requires a case by case analysis, using as a backdrop the relatively low parameters articulated in the statute." <u>In re Eddington Thread Mfg. Co.</u>, 181 B.R. 826, 833 (Bankr. E.D. Pa. 1995).  "In most situations, the time immediately following bankruptcy will call for fairly specific proof of the company's ability to meet its obligations . . .". <u>Dish Network Corp. v. DBSD N. Am. Inc. (In re DBSD N. Am. Inc.)</u>, 634 F.3d 79, 107 (2d Cir. 2011).

In this case, the October 2022 operating report indicates that the Debtor lacks sufficient income to fund a plan of reorganization.  ECF Doc. No. 21.  In addition, it appears that during the pendency of the bankruptcy case, the Debtor has been unable to make pay ongoing expenses. ECF Doc. No. 21.  To date, the Debtor has not sought court approval to obtain post-petition borrowing or file a plan of reorganization.  <u>See</u> Docket. Accordingly, it is apparent that the Debtor is unable to confirm a feasible plan and there is no likelihood of rehabilitation.  11 U.S.C. § 1112(b)(4)(A).

**B.      There are No Unusual Circumstances Establishing that Conversion or Dismissal is not in the Best Interests of Creditors and the Estate.**

Under section 1112(b)(2), after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that

conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. §

1112(b)(2). <u>See also In re Gateway Access Solutions, Inc.</u>, 374 B.R. 556, 561 (Bankr. M.D. Pa.

2007) (after the movant shows cause, the burden shifts to the debtor to prove that there are

unusual circumstances under section 1112(b)(2)).

Section 1112(b)(2) provides that:

(2) The court may not convert a case under this chapter to a case under
chapter 7 or dismiss a case under this chapter if the court finds and
specifically identifies unusual circumstances establishing that converting
or dismissing the case is not in the best interests of creditors and the estate,
and the debtor or any other party in interest establishes that --

(A) there is a reasonable likelihood that a plan will be confirmed
within the time frames established in sections 1121(e) and 1129(e)
of this title, or if such sections do not apply, within a reasonable
period of time; and

(B) the grounds for converting or dismissing the case include an
act or omission of the debtor other than under paragraph (4)(A)--

(i) for which there exists a reasonable justification for the
act or omission; and

(ii) that will be cured within a reasonable period of time
fixed by the court.

11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that conversion or

dismissal is not in the best interests of the creditors and the estate.  There is also no likelihood of

plan confirmation within a reasonable time.

**C.**       **Conversion is in the Best Interests of Creditors and the Estate**.

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal

or conversion is in "the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). <u>See</u>

<u>also In re Gonic Realty Trust</u>, 909 F.2d 624, 626-27 (1st Cir. 1990) (court has broad discretion to

convert or dismiss a chapter 11 case).  Although the Debtor is unable to pay post-petition

expenses, including insurance, the Property has substantial equity and may be liquidated in a

Chapter 7 case for the benefit of unsecured creditors.  The Court should, therefore, convert this

case.

## IV. **<u>NOTICE</u>**

The United States Trustee will serve the Notice of Motion, Declaration and this

Memorandum of Law upon the Debtor, Debtor's counsel and any parties who have filed Notices

of Appearance in the case.  Notice of the Motion will be sent to all creditors through the

Bankruptcy Noticing Center.  The United States Trustee respectfully requests that this be deemed

good and sufficient notice of the motion and the hearing scheduled herein, and that no other

further notice is necessary or required.

### V.  **<u>CONCLUSION</u>**

Based on the foregoing, the United States Trustee respectfully requests that the Court

enter an order granting this motion and dismissing this chapter 11 case or, in the alternative,

converting the Debtor's chapter 11 case to one under chapter 7, and granting such other and

further relief as is just and proper.

Dated:  New York, New York
       April 12, 20223

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: _/s/Rachel Wolf_
Rachel Wolf, Esq.
Trial Attorney
Alexander Hamilton Customs House
One Bowling Green- Suite 510
New York, New York 10004
Tel No. (212) 206-2580
Rachel.Wolf@usdoj.gov

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                          Chapter 11

NYMD GREEN LAKE, LLC,                                           Case No. 22-42032 (ESS)
                                    Debtor.
--------------------------------------------------------x

<u>DECLARATION OF LYNDA RETTAGLIATA</u>

 Pursuant to 28 U.S.C. § 1746, Lynda Rettagliata declares as follows:

 1. I am an analyst in the Office of the United States Trustee for Region 2.  I have knowledge and information about the Chapter 11 bankruptcy case of NYMD Green Lake, LLC (the "Debtor").  I submit this Declaration in support of the Motion of the United States Trustee to Convert This Chapter 11 Case to One Under Chapter 7 Or, In the Alternative, Dismiss This Case pursuant to 11 U.S.C. § 1112 (the "Motion").

 **Procedural History**

 2. The United States Trustee was unable to form an unsecured creditors' committee in the Debtor's case.

 3. The United States Trustee has not appointed a trustee, and the Debtor remains in control and possession of its assets as a debtor-in-possession.

 4. On August 29, 2022, the United States Trustee sent a letter (the "August 29th Letter") through email to counsel of record, Gary Fischoff, Esq. ("Fischoff" OR "Counsel"), enclosing a copy of the United States Trustee Operating Guidelines (the "Guidelines").  The Guidelines outline the requirements for debtors-in-possession, including the obligation to provide proof of insurance and filed monthly operating reports.  <u>Id.</u>

1

5.      The records of the United States Trustee reflect that the Debtor's insurance policy for the Property expired on April 1, 2023.

6.      The Debtor has failed to provide renewal insurance for the Property.  The United States Trustee has no evidence that the Property is insured.

7.      To date, the Debtor owes outstanding United States Trustee Quarterly Fees in the estimated amount of $750.00.

I declare under penalty of perjury that the information contained in this Declaration is true and correct to the best of my knowledge.

Dated: New York, New York
      April 12, 2023

                          */s/ Lynda Rettagliata*
                          Lynda Rettagliata
                          Analyst
                          Office of the United States Trustee, Region 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                              Chapter 11

NYMD GREEN LAKE, LLC,                                Case No. 22-42032 (ESS)

                                    Debtor.
--------------------------------------------------------x

## ORDER CONVERTING CASE

Upon the motion of William K. Harrington, United States Trustee for Region 2, filed on April 12, 2023 to convert or dismiss this case, pursuant to 11 U.S.C. § 1112(b), and upon the hearing held before this Court on May 19, 2023, and it appearing that appropriate notice has been given, and cause existing for the relief requested, it is

ORDERED, that the above-referenced case commenced under Chapter 11 of the Bankruptcy Code be and is hereby converted to a case under Chapter 7 pursuant to 11 U.S.C. § 1112(b) for cause shown; and it is further

ORDERED, that the Debtor shall file (i) a schedule of unpaid debts incurred after the commencement of the chapter 11 case within 15 days of the date of this order, and (ii) a final report within 30 days of the date of this order, pursuant to Fed. R. Bankr. P. 1019(5).