Berger, Fischoff, Shumer,
Wexler & Goodman, LLP
Attorneys for Debtor and Debtor In Possession
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791

UNITED STATES BANKRUPTY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In re:                                                                Chapter 11

NYMD GREEN LAKE, LLC                               Case No.: 22-42032

                       Debtor

-------------------------------------------------------X

### DEBTOR'S MOTION FOR AN ORDER UNDER BANKRUPTCY CODE §§ 105, 363 AND 365: AUTHORIZING AND APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY SUBJECT TO HIGHER AND BETTER OFFERS AND FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

TO:    THE HONORABLE ELIZABETH A. STONG
        UNITED STATES BANKRUPTCY JUDGE

        NYMD Green Lake, LLC, (the "Debtor") hereby submits this motion (the "Motion") seeking the entry of an order in accordance with §§ 105, 363 and 365 of Title 11, United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 2002 and 6004 ("Bankruptcy Rules"): (i) authorizing and approving the sale of the Debtor's interest in the property located at 605-609 Greenlake Road, Catskill, New York (the "Sale") subject to a higher or better offer and free and clear of all liens, claims, and encumbrances, and respectfully requests as follows:

### BACKGROUND

1. On August 26, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor remains in possession and management of its property pursuant to Bankruptcy Code §§ 1107(a) and 1108.

3. No Official Committee of Unsecured Creditors has been appointed in this proceeding.

4. The Debtor owns a 146 acre resort property located at 605-609 Greenlake Road, Catskill, New York ("Property").

5. On September 6, 2023, the Debtor entered into a Contract of Sale ("Contract") for the Property with Konnectia, LLC ("Purchasers") for a purchase price of Four Million Dollars ($4,00,000.00) (the "Purchase Price") payable in cash without a financing contingency. Upon signing Purchasers gave a $15,000.00 deposit which is being held by Berger, Fischoff, Shumer, Wexler & Goodman, LLP in its IOLA account. The down payment will be increased to $100,000.00 upon court approval and if the transaction does not close within thirty days the deposit will be increased to $400,000.00[1]. This is reflected in the Second Rider to the Contract. A copy of the contract and the "First Rider" and "Second Rider" are collectively annexed hereto as Exhibit "A".

6. Another group, Stewardship Realty, that has expressed interest in the property and has submitted another bid and as a result the contract has been modified and Konnectia has already improved the terms of the contract, as reflected in the Second Rider to the contract. Stewardship's bid was $4,200,000.00 cash, not subject to financing, but the other terms were not as favorable. Stewardship may submit another offer before the return date of this motion and therefore has been sent a copy of this motion.

---

[1] Incidental to this transaction, a separate contiguous parcel of almost seven acres is being purchased by the Purchaser for $70,000.00. The closing is subject to and conditioned on the closing for the Debtor's property and is reflected in the First Rider to the Contract.

7.  The proceeds of the sale, even after the payment of outstanding real estate taxes of which upon information and belief are less than $100,000.00, and a broker commission, and 100% to all creditors and ordinary and customary closing expenses, will still leave more than enough to pay the outstanding mortgage of approximately $2.3 to $2.4 million and leave net proceeds to the Debtor in excess of one million dollars.

## JURISDICTION AND STATUTORY PREDICATE

8.  This Court has jurisdiction to hear this Motion under 28 U.S.C. §§ 157(a) and 1334, and the Order of Reference of the United States District Court for the Eastern District of New York. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O). The statutory predicates for the relief sought herein are Bankruptcy Code §§ 105, 363(b) and (f) and Bankruptcy Rules 2002 and 6004, and Local Rule 6004.

## RELIEF SOUGHT

9.  By this Motion, the Debtor seeks an order authorizing and approving the sale of the Unit property subject to a higher or better, free and clear of all liens, claims, and encumbrances (collectively "Liens"), with such liens, if any, to be paid from sale proceeds at the closing of the sale.

10. The Debtor believes the proposed sale is fair value for the Property. The Debtor expects that the proposed sale will provide a fair and expeditious process to maximize the value of the property for the benefit of creditors and the Debtor's estate.

### Debtor's Marketing Efforts

11. The Debtor retained the Broker, who is an experienced specialist in the area. This was the only offer initially received. The property is a unique property that has only a limited appeal to specialized users. The Debtor has taken into account the costs of selling the

Property by public sale, including the costs of commissions, and has determined that considering the amount of marketing, the estate is not likely to net a greater recovery by auction sale for the Property. Consequently, the Debtor believes that fair value was obtained through this sale.

12. The Debtor, through the Broker, has marketed the Property and solicited and negotiated the initial offer to purchase same. The marketing efforts included, but were not necessarily limited to: (i) placement of the Property on the Broker's website; (ii) advertising the Property via traditional methods; (iii) email campaigns, and (iv) posts to highly regarded real estate websites.

13. Based on the foregoing and after consultation with its professionals, the Debtor has determined in its business judgment that the sale of the Property – through sale under Bankruptcy Code §363, subject to a higher or better offer, free and clear of all Liens, to Purchase, whose offer was obtained after the best marketing effort under these circumstances, is in the best interests of the Debtor's estate and creditors, and provides the most effective and efficient mechanism for maximizing the Properties value.

## STATUTORY PREDICATE FOR RELIEF REQUESTED

**Authority to Sell the Property**

14. Bankruptcy Code §363 generally governs a debtor's sale of assets, including both real and personal property, outside the ordinary course of business.[2]

---

[2] Bankruptcy Code §363 provides, in relevant part, as follows:
    (b)(1) The Debtor, after notice and a hearing, may use, sell, or lease, other than in ordinary course of business, property of the estate.
    (f) The Debtor may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if
        (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
        (2) such entity consents
        (3) such entity could be compelled, in a legal or equitable proceeding to accept a money satisfaction of such interest.

15. The Debtor seeks to sell the Property free and clear of all Liens, claims and encumbrances, with such liens attaching to the proceeds. The Debtor also seeks approval of the Sale so that parties-in-interest can be heard in advance of the Sale if they have any questions regarding the proposed sale or the Debtor's marketing efforts.

**Sale of the Unit by Private Sale**

16. In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private sale. After consultation with its professionals, the Debtor is prepared to pursue the private sale based on the number of potential buyers who emerged after the marketing process and two bids received. The fact that only one firm offer was received the Debtor prior to the contract believes the offer is substantially in line with the value of the property.

**Sale of Property "As Is-Where Is" and Free and Clear of Liens**

17. Bankruptcy Code §363 permits the sale of assets to be free and clear of liens, claims and interests of an entity in such property if:

(a) Applicable state law will permit the sale;

(b) Such entity consents;

(c) The price at which the property is being sold exceeds the liens, claims and interest;

(d) The security interest in the assets is disputed; or

---

11 U.S.C. §363(b)(1), (f)(1), (2) and (5).

Although Bankruptcy Code §363 does not set forth a standard determining when it is appropriate for a court to authorize the sale of disposition of a debtor's assets, the Second Circuit in applying this section, has required that it be based upon the Debtor's sound business judgment. *See e.g. Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

(e) The entity with an interest in the asset being sold could be compelled in a legal or

equitable proceeding to accept a money satisfaction of its interest in and to the property.

*See* 11 U.S.C. §363(f).

18. The Debtor believes, therefore, that the requirements of Bankruptcy Code §363(f) are

satisfied because the proceeds of sale will exceed the claims, if any, against the Debtor

related to the Property.

19. Based upon the foregoing the Debtor submits that the Sale of the Property, as outlined

herein, to the Purchaser having made the highest or best offer for the Property, is and will

be, an exercise of sound business judgment, is in the best interest of the Debtor's estate and

its creditors, and should be approved in all respects.

## NOTICE PROCEDURES

20. The Debtor is providing services of the Motion and accompanying documents.  The Debtor

will serve a Notice of this Motion to approve the private sale, and all Exhibits attached

thereto, upon: (i) the Office of the United States Trustee; (ii) all creditors listed on the

Debtor's bankruptcy petition; (iii) all parties having requested notice in this case; (iv) the

Purchaser and (v) Stewardship Realty and (vi) all appropriate taxing authorities.  The

Debtor respectfully represents that service in the aforementioned manner is sufficient under

these circumstances to provide notice of the marketing and sale of the Property.  The Debtor

respectfully represents that service in the aforementioned manner is sufficient under these

circumstances to notice the Sale.

## CONCLUSION

21. No previous application for the relief requested in this Motion has been made to this or any

other Court.

**WHEREFORE**, the Debtor respectfully request that this Court grant the Debtors' Motion and authorize and approve the private Sale of the Property.

Dated: Syosset, New York
       September 27, 2023

                                        BERGER, FISCHOFF, SHUMER,
                                        WEXLER & GOODMAN, LLP
                                        *Attorneys for Debtor and*
                                        *Debtor in Possession*

                                        _____
                                        Gary C. Fischoff, Esq.
                                        6901 Jericho Turnpike, Suite 230
                                        Syosset, New York 11791