UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
In re:

                                                              Case No.: 22-42032

NYMD GREEN LAKE, LLC,                                    Chapter 11

                           Debtor.
----------------------------------------x

**ORDER PURSUANT TO SECTIONS 363(a), 363(b), 363(f) and 363(m), AND RULES 2002, 6004 AND 9004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING AND APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY COMMONLY KNOWN AS 605-609 GREENLAKE ROAD, CATSKILL, NEW YORK FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

Application having been made to this Court by the Debtor and Debtor in Possession, NYMD Green Lake, LLC by its attorneys, Berger, Fischoff, Shumer, Wexler & Goodman, LLP, by motion dated September 27, 2023 (the "Sale Motion") for an order pursuant to 11 U.S.C. § 105, 363 and 365 and Bankruptcy Rules 2002 and 6004 authorizing and approving the sale (the "Sale") of the Debtor's real property located at 605-609 Greenlake Road, Catskill, New York (the "Property") subject to a higher or better offer, free and clear of all liens, claims and encumbrances, and due notice of the Application having been given to all creditors of the Debtor and the United States Trustee, and the Application having come on to be regularly heard by the Court on the adjourned date of November 20, 2023, and the Debtor having appeared in support of the motion, by its attorneys Berger, Fischoff, Shumer, Wexler & Goodman, LLP (Gary C. Fischoff, Esq. appearing), and the Office of the United States Trustee having appeared; and no opposition having been submitted, and after due deliberation and for cause, the Court makes the following:

**FINDINGS OF FACT and CONCLUSIONS OF LAW:**

A.  Sufficient cause exists to warrant the Sale as set out in the Contract of Sale, as defined below.

B.  The Debtor may sell the Property free and clear of all liens, claims and encumbrances because one or more of the standards set forth in 11 U.S.C. §§ 363(f)(1)-(5) has been satisfied.

C.  The Sale of Debtor's Property is a reasonable exercise of the Debtor's business judgment.

D.  As evidenced by the proof of service previously filed with this Court, proper, timely, adequate and sufficient notice of the Sale Motion, has been provided in accordance with 11 U.S.C. §§ 105, 363, and 365 and no other or further notice of the Sale Motion or of the entry of this Order is required.

E.  Proper, timely, adequate and sufficient notice of the Sale was provided to all creditors asserting a security interest, lien, encumbrance or other interest against all or any portion of the Property, including the: (i) the Office of the United States Trustee for the Eastern District of New York, (ii) ; (iii) all creditors of the Debtor; (iv) entities known by the Debtor to have filed a Notice of Appearance or a request for receipt of Chapter 11 Notices and Pleadings filed in the Debtor's case as of the date of the Sale Motion; (v) all parties (and their counsel if known) which hold liens on or security interests in the Property in connection with the Sale Motion; and (vi) such additional parties as and entities as deemed appropriate by the Debtor.

F.  The Debtor has demonstrated that approval of the Sale Agreements and consummation of the sale at this time is in the best interests of the Debtor, its estate and its creditors. The Debtor has advanced good and sufficient business justification supporting the Sale to the Purchaser, as defined below, pursuant to § 363(b) of the Bankruptcy Code, as set forth in the Sale Motion, and it is a reasonable exercise of business judgment to consummate the Sale on the terms and

conditions set forth in the Contract of Sale, and to execute, deliver and perform its obligations thereunder.  Sound business judgment includes, but is not limited to, the fact that (i) there is a risk of immediate and irreparable loss of value of the Property if the Sale is not consummated, and (ii) the consummation of the transactions contemplated under the Contract of Sale presents the best opportunity to realize the value of the Property to avoid further decline or devaluation thereof.

G.     The Debtor has full corporate power and authority to execute and deliver the Contract of Sale, and documents contemplated thereby, and to perform the transactions contemplated thereby; no consents or approvals, other than those expressly provided for in the Contract of Sale and herein, are required for the Debtor to consummate the Sale.

H.     The consideration to be paid by the purchaser under the Contract of Sale constitutes adequate and fair value for the Property, and the terms and conditions of the Contract of Sale is fair and reasonable under the Bankruptcy Code and under the laws of the United States, any state, territory or possession of the United States or the District of Columbia.

I.     The Debtor has good title to the Property, and accordingly the transfer of such property, to the Purchaser pursuant to the Contract of Sale will be a legal, valid and effective transfer of the Property.

J.     The Contract of Sales was negotiated, proposed and entered into in good faith, from arm's-length bargaining positions by the Debtor and the Purchaser and constitute the highest or otherwise best offers for the Property received by the Debtor after a marketing and solicitation period in which third parties actively sought information and entered into discussions and negotiations with the Debtor concerning the Property and the initial bid by Konnectia, LLC was withdrawn.

K.     The Purchaser is a good faith purchaser entitled to the protections afforded by 11 U.S.C. § 363(m) of the Bankruptcy Code with respect to the transactions approved hereby.

L.     The Purchaser would not have entered into their respective Sale Agreements to purchase the Property, and will not consummate the transactions contemplated thereby, thus adversely affecting the Debtor, its estate and its creditors, if the Sale to the Purchaser were not free and clear of all liens, claims, encumbrances and interests of any kind or nature whatsoever, or if the Purchaser would, or in the future could, be liable for any of the liens, claims, encumbrances or interests of any creditors.

M.     No other or further notice of the Sale is necessary.

**BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY:**

ORDERED the Recitals set forth above are hereby incorporated herein by reference in their entirety ~~and the Sale Motion is GRANTED in its entirety~~; and it is further

ORDERED the Debtor is authorized to sell the Property to Dovetail Group LLC, as a nominee for its assignee or entity to be formed ("Dovetail" or "Purchaser"); and it is further

ORDERED that the bid by Konnectia, LLC is deemed withdrawn and the $15,000.00 non-refundable deposit is property of the estate, and it is further

ORDERED that the offer by Dovetail upon the terms and conditions of its Letter of Intent dated November 7, 2023 is accepted and, subject to entry of this Order, Dovetail has executed the Contract of Sale which was substantially similar to the agreement proposed by Konnectia annexed to the Sale Motion, and it is further

ORDERED that the Debtor is authorized to sell the real property in accordance with the terms of the Contract of Sale dated December 4, 2023 by and between the Debtor and Dovetail (or its assignee) (the "Contract of Sale"); and it is further

**ORDERED** that the Real Property shall be sold free and clear of all Liens, with such Liens to attach to the net proceeds realized from the sale in the same order, priority and validity said Liens, if any, existed as of the Petition Date; and it is further

**ORDERED** that each and every federal, state and local government agency or department ~~is hereby directed to~~ ***may*** accept any and all documents necessary and appropriate to consummate the sale of the Real Property and a copy of this Order may be filed in any place where state, federal or local law permits filing or recording, including in the real property records where the Real Property is located; and it is further

ORDERED that the Debtor be and is hereby authorized to sign such documents as are reasonable and necessary to effectuate the terms of this Order and consummate the Sale and to pay the ordinary and customary fees and expenses, at closing including but not limited to mortgage payoff, real estate taxes, legal fees and title charges; and it is further.

ORDERED as evidenced by the proof of Service previously filed with this Court, proper, timely, adequate and sufficient notice of the proposed Sale has been provided by the Debtor to all relevant parties, and no other or further notice is required; and it is further

ORDERED the terms and provisions of the Contract of Sale, together with the terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of, (a) the Debtor, its estates, any trustee appointed in this case, its creditors, (b) the Purchaser and their respective affiliates, successors and assigns, and (c) any affected third parties, including but not limited to, any and all persons asserting a claim against or interest in the Debtor's estate or any of the Property; and it is further

~~ORDERED as provided by Bankruptcy Rule 6004(h), and Bankruptcy Rule 6006(d), this Order shall be effective and enforceable as of entry of this Order and the fourteen (14) day stay~~

~~period provided for in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is hereby waived; and it is further~~

ORDERD the provisions of this Order are non-severable and mutually dependent; and it is further

ORDERED the Purchaser has submitted the highest and best offers for the Property and are purchasers acting in good faith as that term is utilized in the Title 11 of the United States Code; and it is further

ORDERED this Court ~~shall and hereby does~~ ***may*** retain sole and exclusive jurisdiction to determine any dispute, issue or other matter arising in connection with the Sale or this Order.

###

Dated: Brooklyn, New York
December 20, 2023



_____
Elizabeth S. Stong
United States Bankruptcy Judge