Berger, Fischoff, Shumer,
Wexler & Goodman, LLP
Attorneys for Debtor and Debtor In Possession
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791

UNITED STATES BANKRUPTY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                          Chapter 11

NYMD GREEN LAKE, LLC                            Case No.: 22-42032

                Debtor
-----------------------------------------------------------X

# DEBTOR'S MOTION FOR AN ORDER UNDER BANKRUPTCY CODE §§ 105, 363 AND 365: AUTHORIZING AND APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY AND FOR AUTHORIZATION TO RETAIN WIN MORRISON AS ITS REAL ESTATE BROKER FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

TO:   THE HONORABLE ELIZABETH A. STONG
      UNITED STATES BANKRUPTCY JUDGE

NYMD Green Lake, LLC, (the "Debtor") hereby submits this motion (the "Motion") seeking the entry of an order in accordance with §§ 105, 363 and 365 of Title 11, United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 2002 and 6004 ("Bankruptcy Rules"): (i) authorizing and approving the sale of the Debtor's interest in the property located at 605-609 Greenlake Road, Catskill, New York (the "Sale") free and clear of all liens, claims, and encumbrances, (ii) and pursuant to Section 328(a) of the Bankruptcy Code authorizing the Debtor to retain Win Morrison Realty as its real estate broker, respectfully represents as follows:

## BACKGROUND

1. On August 26, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor remains in possession and management of its property pursuant to Bankruptcy Code §§ 1107(a) and 1108.

3. No Official Committee of Unsecured Creditors has been appointed in this proceeding.

4. The Debtor owns a 146 acre resort property located at 605-609 Greenlake Road, Catskill, New York ("Property"). The Debtor has not operated the resort since at least the Covid pandemic in 2020.

5. On June 8, 2024, the Debtor entered into a Contract of Sale ("Contract") for the Property with Greenlake Resort New York, LLC ("Purchaser") for a purchase price of Three Million Seven Hundred Dollars ($3,700,000.00) (the "Purchase Price") as follows: $140,000.00 in escrow upon expiration of a 15 day due diligence period, $660,000 cash at closing and a purchase money note and mortgage in the amount of $2,900,000.00 with interest at 7% per annum. The purchase money mortgage will be divided between the Debtor and Greenlake Homestead Inc. once the amount due to Homestead is determined[1]. A copy of the contract is annexed hereto as Exhibit "A". A copy of the escrow letter confirming the receipt of the down payment issued to the Buyer is annexed hereto as Exhibit "B".

6. The cash proceeds at the closing will be sufficient to pay the outstanding real estate taxes which upon information and belief are approximately $125,000.00, the portion of the broker commission due at closing, and 100% to all unsecured creditors and ordinary and customary closing expenses in an approximate total amount of $235,000.00. The remaining balance of the cash proceeds of approximately $565,000.00 at closing will be paid to Greenlake in reduction of its secured claim. The purchase money mortgage will

---

[1] On January 8, 2024 the Debtor a filed a motion objecting to Proof of Claim No. 4 filed on October 10, 2022 by Greenlake Homestead Inc. in the amount of $2,190,836.01. The Debtor believes the current amount due is closer to 1.7 million. To date no opposition has been filed and therefore the amount actually owed is still undetermined.

satisfy the balance of Greenlake mortgage in an amount to be determined amount with a substantial excess of more than $1,000,000.00 to the Debtor.

### JURISDICTION AND STATUTORY PREDICATE

7. This Court has jurisdiction to hear this Motion under 28 U.S.C. §§ 157(a) and 1334, and the Order of Reference of the United States District Court for the Eastern District of New York. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O). The statutory predicates for the relief sought herein are Bankruptcy Code §§ 105, 363(b) and (f) and Bankruptcy Rules 2002 and 6004, and Local Rule 6004.

### RELIEF SOUGHT

8. By this Motion, the Debtor seeks an order authorizing and approving the sale of the real property, free and clear of all liens, claims, and encumbrances (collectively "Liens"), with such liens, if any, to be paid from the cash proceeds and separate financing.

9. The Debtor believes the proposed sale is fair value for the Property. The Debtor expects that the proposed sale will provide a fair and expeditious process to maximize the value of the property for the benefit of creditors and the Debtor's estate.

**Debtor's Marketing Efforts**

10. The Debtor retained the Broker, who is an experienced specialist in the area. This was the only offer initially received. The property is a unique property that has only a limited appeal to specialized users. The Debtor has had only two seriously interested buyers. One Stewardship Realty was a successful offeror on a prior contract for $4,200,000.00 all cash – which contract had a 60 day due diligence period plus a thirty day extension and Stewardship canceled before the due diligence period expired. Stewardship's offer was actually an overbid to an initial offer on the property by the current proposed purchaser.

The current offer matches the terms of their original offer which was overbid. The Debtor has taken into account the costs of selling the Property by public sale, including the costs of commissions, and has determined that considering the extensive marketing, the specialized use of the property, the estate is not likely to net a greater recovery by auction sale for the Property. Consequently, the Debtor believes that fair value was obtained through this sale.

11. The Debtor, through the Broker, has marketed the Property and solicited and negotiated this offer to purchase same. The marketing efforts included, but were not necessarily limited to: (i) placement of the Property on the Broker's website; (ii) advertising the Property via traditional methods; (iii) email campaigns, and (iv) posts to highly regarded real estate websites.

12. Based on the foregoing and after consultation with its professionals, the Debtor has determined in its business judgment that the sale of the Property – through sale under Bankruptcy Code §363, free and clear of all Liens with the lien to attach to the proceeds in the same priority and order as exists , to Purchase, whose offer was obtained after the best marketing effort under these circumstances, is in the best interests of the Debtor's estate and creditors, and provides the most effective and efficient mechanism for maximizing the Properties value.

## STATUTORY PREDICATE FOR RELIEF REQUESTED

**Authority to Sell the Property**

13. Bankruptcy Code §363 generally governs a debtor's sale of assets, including both real and personal property, outside the ordinary course of business.[2]

---

[2] Bankruptcy Code §363 provides, in relevant part, as follows:

14. The Debtor seeks to sell the Property free and clear of all Liens, claims and encumbrances, with such liens attaching to the proceeds. The Debtor also seeks approval of the Sale so that parties-in-interest can be heard in advance of the Sale if they have any questions regarding the proposed sale or the Debtor's marketing efforts.

**Sale of the Unit by Private Sale**

15. In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private sale. After consultation with its professionals, the Debtor is prepared to pursue the private sale based on the number of potential buyers who emerged after the marketing process and two bids received. The fact that only one firm offer was received the Debtor prior to the contract believes the offer is substantially in line with the value of the property.

**Sale of Property "As Is-Where Is" and Free and Clear of Liens**

16. Bankruptcy Code §363 permits the sale of assets to be free and clear of liens, claims and interests of an entity in such property if:

    (a) Applicable state law will permit the sale;

    (b) Such entity consents;

---

(b)(1) The Debtor, after notice and a hearing, may use, sell, or lease, other than in ordinary course of business, property of the estate.
(f) The Debtor may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if
   (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
   (2) such entity consents
   (3) such entity could be compelled, in a legal or equitable proceeding to accept a money satisfaction of such interest.

11 U.S.C. §363(b)(1), (f)(1), (2) and (5).

Although Bankruptcy Code §363 does not set forth a standard determining when it is appropriate for a court to authorize the sale of disposition of a debtor's assets, the Second Circuit in applying this section, has required that it be based upon the Debtor's sound business judgment. *See e.g. Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

(c) The price at which the property is being sold exceeds the liens, claims and interest;

(d) The security interest in the assets is disputed; or

(e) The entity with an interest in the asset being sold could be compelled in a legal or equitable proceeding to accept a money satisfaction of its interest in and to the property. *See* 11 U.S.C. §363(f).

17. The Debtor believes, therefore, that the requirements of Bankruptcy Code §363(f) are satisfied because the proceeds of sale will exceed the claims, if any, against the Debtor related to the Property.

18. Based upon the foregoing the Debtor submits that the Sale of the Property, as outlined herein, to the Purchaser having made the highest or best offer for the Property, is and will be, an exercise of sound business judgment, is in the best interest of the Debtor's estate and its creditors, and should be approved in all respects.

### RETENTION OF WIN MORRISON AS REALTOR

19. Win Morrison of Win Morrison Realty was the broker who introduced the buyer to the Debtor. There is no written brokerage contract between the parties. The Debtor has agreed to pay Win Morrison a commission equal to 4% of the sale price which is $148,000.00. The broker fee will be paid as follows: at closing $31,000.00, which is a pro rata calculation of the cash paid at closing to the full purchase price. The balance of $117,000.00 will be paid from the proceeds of the Debtor's share of the purchase money mortgage when it is paid at the conclusion of the twelve month term.

### NOTICE PROCEDURES

20. The Debtor is providing services of the Motion and accompanying documents. The Debtor will serve a Notice of this Motion to approve the private sale, and all Exhibits attached

thereto, upon: (i) the Office of the United States Trustee; (ii) all creditors listed on the Debtor's bankruptcy petition; (iii) all parties having requested notice in this case; (iv) the Purchaser and (v) Stewardship Realty and (vi) all appropriate taxing authorities. The Debtor respectfully represents that service in the aforementioned manner is sufficient under these circumstances to provide notice of the marketing and sale of the Property. The Debtor respectfully represents that service in the aforementioned manner is sufficient under these circumstances to notice the Sale.

**WHEREFORE**, the Debtor respectfully request that this Court grant the Debtors' Motion and authorize and approve the private Sale of the Property, and the retention of Win Morrison Realty.

Dated: Syosset, New York
       June 24, 2024

                                            BERGER, FISCHOFF, SHUMER,
                                            WEXLER & GOODMAN, LLP
                                            *Attorneys for Debtor and*
                                            *Debtor in Possession*

                                            _____
                                            Gary C. Fischoff, Esq.
                                            6901 Jericho Turnpike, Suite 230
                                            Syosset, New York 11791