Berger, Fischoff, Shumer,
Wexler & Goodman, LLP
Attorneys for Debtor and Debtor In Possession
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791

UNITED STATES BANKRUPTY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                              Chapter 11

NYMD GREEN LAKE, LLC                                   Case No.: 22-42032

                  Debtor
------------------------------------------------------------X

## DEBTOR'S MOTION FOR AN ORDER UNDER BANKRUPTCY CODE §§ 105 AND 1112(B)(1) DIMISSING THE CASE

TO:    THE HONORABLE ELIZABETH A. STONG
         UNITED STATES BANKRUPTCY JUDGE

NYMD Green Lake, LLC, (the "Debtor") hereby submits this motion (the "Motion") seeking the entry of an order in accordance with §§ 105 and 1112(b)(1) of Title 11, United States Code (the "Bankruptcy Code") authorizing the Debtor to pay all allowed claims in full and dismissing the case, respectfully requests as follows:

### BACKGROUND

1. On August 26, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor remains in possession and management of its property pursuant to Bankruptcy Code §§ 1107(a) and 1108.

3. No Official Committee of Unsecured Creditors has been appointed in this proceeding.

4. The Debtor owned a 146 acre resort property located at 605-609 Greenlake Road, Catskill, New York ("Property").

5. On September 4, 2024 pursuant to the sale order dated December 20, 2023 [Dkt No. 44] the Debtor closed on the sale of its real property. The sale price was $3,700,000.00 paid as follows: mortgage given to NYMD Homestead in the amount of $2,107,000.00 a mortgage given to the Debtor for $793,000.00. The balance of the purchase price, including expenses, in the amount of $825,272.00 was paid by the purchaser in cash. A copy of the closing statement is annexed hereto as Exhibit "A".

## JURISDICTION AND STATUTORY PREDICATE

6. This Court has jurisdiction to hear this Motion under 28 U.S.C. §§ 157(a) and 1334, and the Order of Reference of the United States District Court for the Eastern District of New York. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (O). The statutory predicates for the relief sought herein are Bankruptcy Code §§ 105 and 1112(b)(1) authorizing the Debtor to pay all allowed claims 100% and dismissing the case.

## RELIEF SOUGHT

7. By this Motion, the Debtor seeks an order authorizing it to pay all allowed claims in full and dismissing the case.

8. The Debtor has $34,247.71 in remaining allowed general unsecured claims. The funds to pay the claims is on deposit in its attorneys, Berger, Fischoff, Shumer, Wexler & Goodman, LLP's escrow account. A schedule of the allowed claims to be paid is annexed hereto as Exhibit "B". It also has funds available to pay the anticipated fees due to the United States Trustee. The amount owed for real estate taxes were paid in full at the closing and were incorporated into the title company bill, and listed in the closing statement.

9. It is submitted that because the single largest creditor, the mortgage held by Greenlake Homestead, LLC has been satisfied and the real estate taxes – the second largest creditor has also been satisfied, the cost and expenses associated with proposing and confirming a plan out-weighs the small amount due to the remaining creditors.

## **LEGAL ARGUMENT**

10. Section 11 U.S.C. § 1112(b)(1) of the Bankruptcy Code provides a bankruptcy court may dismiss a Chapter 11 petition "for cause." Cause, although given several examples in 1112(b), is not exclusively defined and is determined on a case by case basis. The court must determine whether cause exists to either dismiss or convert a bankruptcy case, and if so, whether doing so would serve the best interests of the creditors and the estate. *Hoover v. Harrington* (In re Hoover), 828 F.3d 5, (2016 ). *See also In re Korn*, 523 B.R. 453 (2014). Once a movant establishes cause, the burden then shifts to the opposing party to demonstrate "unusual circumstances" establishing that it would not be in the best interests of the creditors and the estate, and that it meets the other requirements of § 1112(b)(2). *Efron v. Candelario* (In re Efron), 529 B.R. 396, 411 (B.A.P. 1st Cir. 2015). If no such unusual circumstances exist and/or the other requirements are not met, the bankruptcy court must convert or dismiss the case. *Id.* Here, where debtor is able to pay off 100% of his allowed claims, his case should be dismissed. *See In re Rose*, 86 B.R. 439(1988) (granting voluntary dismissal of debtor's Chapter 11 case, conditioned upon payment of remaining fees owed to United States Trustee).

## NOTICE PROCEDURES

11. The Debtor is providing services of the Motion and accompanying documents. The Debtor will serve a Notice of this Motion upon: (i) the Office of the United States Trustee; (ii) all creditors listed on the Debtor's bankruptcy petition; (iii) all parties having requested notice in this case.

## CONCLUSION

12. No previous application for the relief requested in this Motion has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully request that this Court grant the Debtors' Motion and authorize the Debtor to pay all allowed claims in full and dismiss the case.

Dated: Syosset, New York
      October 5, 2024

BERGER, FISCHOFF, SHUMER,
WEXLER & GOODMAN, LLP
*Attorneys for Debtor and*
*Debtor in Possession*

_____
Gary C. Fischoff, Esq.
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791